**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARRIE ROBY**, individually and on behalf of all those similarly situated | ) | Case No. |
| Plaintiff, | ) | |
| vs. | ) | **<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>** |
| **WESTERN RESERVE HOSPITAL, LLC**, | ) | **<u>JURY DEMAND ENDORSED HEREON</u>** |
| Defendant. | ) | |

Carrie Roby ("Plaintiff"), individually and on behalf of all others similarly situated, for her collective and class action Complaint against Defendant Western Reserve Hospital ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, and Ohio's Prompt Pay Act, O.R.C. § 4113.15 ("OPPA").

2. Plaintiff brings this case as a FLSA "collective action" individually and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of other similarly situated persons who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Akron, Ohio.

8. Plaintiff has been employed by Defendant since approximately April 15, 2019.

9. Plaintiff is employed by Defendant as a non-exempt hourly employee.

10. Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

11. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA and Ohio law.

12. At all relevant times, Plaintiff and similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Defendant is an Ohio limited liability company with its headquarters in Cuyahoga Falls, Ohio. Defendant can be served through its Ohio registered statutory agent: Robert Kent, 1900 23rd Street, Cuyahoga Falls, Ohio 44223.

14. At all relevant times, Defendant was an employer of Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

15. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA, the OMFWSA, and OPPA.

## FACTS

17. Defendant provides hospital and healthcare services in Ohio.

18. Defendant employs hourly workers to provide various healthcare services.

19. Plaintiff is employed by Defendant as a Surgical Technologist and is paid appropriately $30.00 per hour.

20. Plaintiff is required to wear sterile surgical scrubs.

21. Plaintiff is required to change into and out of her sterile work clothing in the locker room located at Defendant's facility.

22. Given the nature of Plaintiff's job, she and those similarly situated could not perform their jobs without the sterile work clothing that Defendant requires to be donned and doffed at its facility.

23. Plaintiff typically spends up to ten minutes donning and up to ten minutes doffing her sterile work clothing for each shift.

24. At all relevant times, Plaintiff and those similarly situated employees regularly worked more than 40 hours per workweek for Defendant, including donning and doffing time.

25. Plaintiff and other similarly situated employees were hourly employees who worked for Defendant within the last three years and were required to change into and out of sterile work clothing at Defendant's facilities without pay.

**<u>Defendant's Recordkeeping Violations</u>**

26. The FLSA and Ohio law require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

27. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. §516.2.

28. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Plaintiff and other similarly situated employees.

29. However, because of Defendant's policy of not paying for donning and doffing time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Plaintiff and other similarly situated employees.

30. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded donning and doffing from compensable time worked. Defendant's failure to correctly classify such time as compensable

hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and other similarly situated employees.

31. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of others similarly situated who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

33. The FLSA Collective members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations are defined as follows:

> **All current and former hourly employees of Defendant, including temporary employees as applicable, who were required to change into and out of sterile work clothing (e.g., scrubs, hat, shoes, shoe covers etc.) without pay, and who worked 40 or more hours during any such workweeks at any time from three years preceding the filing of this Complaint through final disposition of this matter.**

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

35. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to pay Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rates for all hours that exceeded 40 in the workweek.

All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

36. The identities of the putative FLSA Collective members are presumed to be readily identifiable through the payroll records Defendant is required to maintain, pursuant to the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

37. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio. The Ohio Class is defined as follows:

> **All current and former hourly Ohio employees of Defendant, including temporary employees as applicable, who were required to change into and out of sterile work clothing (e.g., scrubs, hat, shoes, shoe covers etc.) without pay, and who worked 40 or more hours during any such workweeks at any time from two years preceding the filing of this Complaint through final disposition of this matter.**

38. The Ohio Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed 40 individuals. The exact number as well as their identities are presumed ascertainable from the payroll records that Defendant was required to maintain, pursuant to Ohio law.

39. There are questions of law or fact common to the Ohio Class including whether Defendant failed to pay non-exempt hourly employees, such as Plaintiff and those similarly situated employees, for all hours worked in excess of 40 in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendant's failure to pay for all work time as described herein.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual Ohio Class members.

41. Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of other members of the Ohio Classes.

42. Plaintiff and the Ohio Class have all been injured in that they have been uncompensated due to Defendant's common policy, and practice, and willful conduct. Defendant's corporate wide policies and practices affected the Ohio Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class members.

43. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Ohio Class members.

44. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

48. At all relevant times, Defendant knew it was required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

49. Here, Defendant failed to pay Plaintiff and those similarly situated for work time spent donning and doffing sterile work clothing which was required to perform their jobs. This resulted in Plaintiff and others similarly situated not receiving all the overtime pay that they earned and were entitled to receive under federal law.

50. Defendant's practice and policy of not paying Plaintiff and other similarly situated for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

51. By engaging in that practice, and by failing to keep accurate records as required by law, Defendant willfully violated the FLSA.

52. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

53. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## COUNT TWO
## (Ohio Class - Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the Ohio Revised Code § 4111.03, on behalf of herself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

56. Plaintiff and the Ohio Class members were not paid their total amount of overtime compensation.

57. Here, Defendant failed to pay Plaintiff and those similarly situated for work time spent donning and doffing sterile work clothing which was required to perform than job. This resulted in Plaintiff and others similarly situated not receiving all the overtime pay that they earned and were entitled to receive under state law.

58. Defendant's practice and policy of not paying Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the Ohio Revised Code § 4111.03.

59. Additionally, the unpaid work that Plaintiff and other similarly situated employees performed was at Defendant's specific direction, or, alternatively, pursuant to an express provision

of a written or unwritten contract or collective bargaining agreement. Therefore, the exemptions under Ohio R.C. 4111.031 do not apply. *See* Ohio R.C. 4111.031(B)(2) and (C)(1).

60. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

61. As a result of Defendant's violations of the Ohio Revised Code § 4111.03, Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**COUNT THREE**
**(Ohio Class – Prompt Pay Claim)**

62. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

64. Plaintiff brings this claim for violation of Ohio's Prompt Pay Act, on behalf of herself and all members of the Ohio Class.

65. Here, Defendant failed to pay Plaintiff and those similarly situated for work time spent donning and doffing sterile work clothing which was required to perform than job within the time period required by the OPPA. This resulted in Plaintiff and others similarly situated not receiving all the overtime pay that they earned and were entitled to receive under state and federal law.

66. There is no dispute that Plaintiff and those similarly situated are required to be paid all work time, including regular wages and overtime, under Ohio law.

67. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Plaintiff and the members of the Ohio Classes is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

68. Defendant's failure to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the members of the Ohio Class entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, respectfully requests that this Honorable Court:

A. Direct that Court-approved notice be issued pursuant to 29 U.S.C. § 216(b) to similarly situated persons informing them of this action and enabling them to opt-in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Ohio Class members;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join, and the Ohio Class members;

D. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members actual damages for unpaid wages;

E. Award Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the Opt-Ins;

F. Award Plaintiff and the Ohio Class, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater;

G. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members pre-judgment and post-judgment interest at the statutory rate;

H. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

I. Award Plaintiff, the Opt-Ins who join, and the Ohio Class members any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (OH Bar 0076017)
7034 Braucher St, N.W., Suite B
North Canton, OH 44720
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: hnilges@ohlaborlaw.com

Robi J. Baishnab (0086195)
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ *Hans A. Nilges*
*Counsel for Plaintiff*